**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 13, 2010

Charles R. Fulbruge III
Clerk

No. 08-60687
Summary Calendar

DAVID ALLEN JONES

Petitioner-Appellant

v.

RONALD KING, Superintendent, Mississippi Department of Corrections/South
Mississippi Correctional Institution

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:07-CV-182

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

This court granted a certificate of appealability to David Allen Jones, Mississippi prisoner # K8529, to determine whether any or all of the claims raised in his 28 U.S.C. § 2254 application are timely under the provisions of 28 U.S.C. § 2244(d)(1)(D). In Jones's § 2254 application, he challenges his murder conviction and sentence of life imprisonment and asserts that the prosecution knowingly relied on false evidence, the prosecution failed to disclose evidence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

favorable to the defense, he was denied the right to confront witnesses, and he was denied the effective assistance of trial counsel. Jones contends that the district court erred by applying 28 U.S.C. § 2244(d)(1)(A), the date on which his conviction became final, as the commencement date of the one-year limitation period, rather than § 2244(d)(1)(D), the date on which the factual predicate of his claims could have been discovered through due diligence. He argues that the limitation period should commence on the date he obtained from a fellow inmate a letter addressed to an unknown person from the American Board of Pathology regarding the qualifications of Dr. Steven Hayne, the coroner who performed the autopsy of the victim. Jones argues that his § 2254 application is timely if the one-year limitation period commenced on this date.

An order dismissing a habeas application as time barred is subject to de novo review. *Starns v. Andrews*, 524 F.3d 612, 617 (5th Cir. 2008). The Antiterrorism and Effective Death Penalty Act (AEDPA) established a one-year limitation period during which a person in state custody may file an application for a federal writ of habeas corpus. § 2244(d). The limitation period runs from "the latest of" several dates, which are set forth in subsections (A) through (D). § 2244(d)(1). Subsection (A) provides that the limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). Subsection (D) provides that the limitation period runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." § 2244(d)(1)(D).

Jones does not explain how this information serves as the factual predicate for his claim of ineffective assistance of counsel. With respect to Jones's claims of prosecutorial misconduct, Jones has failed to establish that the prosecution prevented him from discovering the factual basis of his claims during the limitation period by withholding exculpatory evidence regarding Dr. Hayne's qualifications or by relying on Dr. Hayne's false testimony regarding his

2

qualifications.  *See Hughes v. Johnson*, 191 F.3d 607, 629-30 (5th Cir. 1999); *Kutzner v. Johnson*, 242 F.3d 605, 609 (5th Cir. 2001).

Jones has not otherwise established that he could not have previously discovered the factual predicate for his claims through the exercise of due diligence.  Accordingly, Jones's argument that § 2244(d)(1)(D) should apply and that the limitations period did not begin to run until he received the letter is without merit.  Rather, § 2244(d)(1)(A) governs this case, and the district court correctly determined that Jones's application was untimely.

The judgment of the district court is AFFIRMED.